IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TROY ALAN FARMER and | § | Case No. 16-42135 |
| ANGELIA MARIE FARMER, | § | (Chapter 13) |
| | § | |
| Debtors. | § | |

## MEMORANDUM OPINION AND ORDER
## REGARDING TRUSTEE'S OBJECTION TO EXEMPTIONS

This case came before the Court on the objection of the standing chapter 13 trustee, Carey Ebert, to the above-captioned debtors' claim of exemptions. The Court conducted a hearing on the objection on March 15, 2017 and, following the hearing, took the matter under advisement. This decision constitutes the Court's findings and conclusions on the contested matter. *See* FED. R. BANKR. P. 7052 and 9014.

### RELEVANT FACTS

1. The above-captioned debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on November 23, 2016.

2. The debtors timely filed their bankruptcy schedules. In their Schedule A/B – Property ("Schedule A/B"), the debtors listed their interest in their home. The debtors are the 100% owners of their home. They listed the current value of their home as $78,950, and they disclosed a mortgage lien in the amount of $62,750 as of the petition date.

3. In their Schedule C – The Property You Claim as Exempt ("Schedule C"), the debtors elected to claim federal exemptions under 11 U.S.C. § 522(d). The debtors claimed 100% of the fair market value of their home as exempt from their creditors, *see* 11 U.S.C. §

1

522(d)(1), as well as their interest in various items of personal property, *see* 11 U.S.C. § 522(d)(5).

4. As of the petition date, according to their Schedule A/B, the debtors had an equity interest in their homestead in the amount of $16,200.

5. The total listed value of the personal property the debtors claimed as exempt under § 522(d)(5) was $12,442 as of the petition date.

6. The trustee timely objected to the debtors' claimed exemptions. The trustee complains that the debtors have exceeded the statutory exemption limit in § 522(d)(5). The trustee requests that the Court limited the debtors' exemptions under § 522(d)(5) to the statutory limit of $2,500.

## CONCLUSIONS

7. The federal exemptions at issue protect a debtor's interest in property up to a certain amount. (The statutory caps are adjusted periodically under 11 U.S.C. § 104.)

8. The federal homestead exemption in effect as of the petition date provided that an individual debtor could claim a homestead exemption in an amount not to exceed $23,675 (or $47,350 for a couple). *See* 11 U.S.C. § 522(d)(1).

9. The federal exemption scheme also provided that an individual debtor could claim a "wildcard exemption" of $1,250 (or $2,500 for a couple) against any type of property. 11 U.S.C. § 522(d)(5).

10. In addition, recognizing that not all debtors have homesteads, or homesteads with significant equity, the Bankruptcy Code allowed up to $11,850 (or $23,700 for a couple)

2

of "any unused amount of the exemption provided under [§522(d)(1)] . . ." to be carried over as an additional wildcard exemption as of the petition date. 11 U.S.C. § 522(d)(5).

11.     Here, the debtors used only $16,200 of the $47,350 homestead exemption available to them under § 522(d)(1). The debtors, therefore, carried over some of the excess to use as an additional wildcard exemption under § 522(d)(5).

12.     The trustee does not object to the debtor's valuations or, generally, to the debtor's characterization of the listed property as exemptible.[1] The trustee's objection is based on the debtors' decision to exercise the so-called "*Schwab* option" with respect to their exemption of their home.

13.     In *Schwab v. Reilly,* 560 U.S. 770 (2010), the debtor ran a catering business, and she claimed certain cooking and kitchen equipment as exempt from her creditors. The value of the claimed exemption was within the statutory limits, and the trustee did not object to the exemption claim. Later, a dispute arose as to whether the trustee retained the right to sell the equipment to realize the excess value in the equipment for the benefit of the bankruptcy estate.

---

[1] The value of a debtor's interest in property is determined as of the petition date. As the Fifth Circuit explained:

> The "snapshot rule" of bankruptcy law holds that all exemptions are determined at the time the bankruptcy petition is filed, and that they do not change due to subsequent events. *In re Zibman*, 268 F.3d 298, 301 (5th Cir. 2001); *see Owen v. Owen*, 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *White v. Stump*, 266 U.S. 310, 311–13, 45 S.Ct. 103, 69 L.Ed. 301 (1924) ("The [homestead] exemption arises when the declaration is filed, and not before .... [T]he point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed .... [T]he law discloses a purpose 'to fix the line of cleavage' with special regard to the conditions existing when the petition is filed[.]").

*In re Frost*, 744 F.3d 384, 386 (5th Cir. 2014).

14. On appeal, the U.S. Supreme Court held that where a debtor claims that the value of certain exempt assets are within the statutory limits, a bankruptcy trustee is not required to object to the exemption in order to preserve the estate's ability to recover a dollar value that exceeds the statutory limits. Only the debtor's exempt interest in property, not the property itself, is withdrawn from the bankruptcy estate. The Supreme Court instructed that, to exempt the entirety of an asset from the estate, a debtor is required to "declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as 'full fair market value (FMV)' or '100% of FMV.'" *Id.* at 793.

15. The Supreme Court explained that a debtor who unambiguously declares a claimed exemption of 100% of the fair market value of an asset would force action by the bankruptcy trustee. "Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits." *Id.*

16. "Claiming '100% of FMV' tells the world that the debtor is, in effect, seeking to reclaim the asset itself." *In re Salazar*, 449 B.R. 890, 897 (Bankr. N.D. Tex. 2011).

17. The so-called "*Schwab* option" is contained in the current Schedule C (Official Form 106C). Official Form 106C is a newly-adopted official bankruptcy form that became effective on December 1, 2015.

18. The newly-adopted Official Form 106C asks for the value of the portion of the asset owned by the debtor and instructs the debtor to copy the value from Schedule A/B. Official Form 106C asks for the amount, rather than the value, of the exemption

claim. Entries in the "amount of the exemption you claim" column may be listed either as a dollar-limited amount or as "100% of fair market value, up to any applicable statutory limit." Debtors who chose the latter option, such as the debtors in this case, are exercising the "*Schwab* option."

    19.    The instructions for completing Official Form 106(c) state as follows:

> For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions – such as those for health aides, rights to receive certain benefits, and tax-exempt retirement funds – may be unlimited in dollar amount. **However, if you claim an exemption of 100% of the fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount your exemption would be limited to the statutory amount.**

(Emphasis added.)

    20.    Here, the debtors exercised the "*Schwab* option" by claiming 100% of the fair market value of their home as exempt in their Schedule C. The trustee argues that exercising the "*Schwab* option" means that the value of the debtor's interest in their homestead is deemed to be the statutory cap set forth in § 522(d)(1). The trustee argues that *Schwab* "specifically excludes reviewing other schedules or columns" to determine the amount of the debtor's equity interest in their homestead if a debtor elects to claim 100% of the fair market value of the homestead as exempt. *Schwab v. Reilly*, 560 U.S. 770, 785 (2010) ("For all of these reasons, we conclude that Schwab was entitled to evaluate the propriety of the claimed exemptions based on three, and only three, entries on Reilly's Schedule C: the description of the business equipment in which Reilly claimed the exempt interests; the Code provisions

governing the claimed exemptions; and the amounts Reilly listed in the column titled "value of claimed exemption.")

21. Since the debtors have used all of their homestead exemption by exercising the "*Schwab* option," according to the trustee, there is no unused homestead exemption to carry over to the § 522(d)(5) exemption. Thus, the trustee objects that the debtors exceeded § 522(d)(5)'s $2,500 statutory cap by claiming property valued at $12,442 as exempt under that provision.

22. Schedule C is not intended to value a debtor's interest in property or the amount of the claimed exemption if a debtor exercises the "*Schwab* option." The debtors are not declaring that their exempt interest in their homestead equals the statutory cap – indeed, such a declaration would conflict with the value of their home listed in their Schedule A/B. As the instructions for Schedule C reflect, the debtors are merely claiming "up to" the statutory amount of the exemption. The "*Schwab* option" in Schedule C is not a valuation, but a flag that indicates a debtor's intent to withdraw the entirety of the asset from the estate.

23. It is the trustee's burden to determine whether grounds exist to object to a debtor's claimed exemptions. In particular, with respect to a debtors' homestead, the trustee must examine the debtor's Schedule A/B to calculate the net value (after deducting secured claims) that is being exempted.

24. As in *Schwab*, the trustee is entitled to rely upon the descriptions and values in the debtors schedules to evaluate the propriety of a claimed exemption. *Schwab*, 130 S.Ct. at 2663. However, *Schwab*'s discussion of the specific data points contained in the bankruptcy

6

schedules that a trustee should examine has limited application in light of the recent changes to the Official Bankruptcy Forms and, in particular, to Schedule C.

25.    Indeed, when a debtor exercises the "*Schwab* option" to declare her intent to withdraw an asset from the bankruptcy estate, the current Schedule C requires the trustee to examine Schedule A/B to determine the value of the debtor's exempt interest.  When a debtor declares 100% of the fair market value of an asset as exempt, the trustee is obligated to object to the exemption in order to preserve her rights in the assets in excess of the statutory amount.

26.    As the bankruptcy court explained in *In re Ayobami*, 2016 WL 828743 at *4 (Bankr. S.D. Tex. Mar. 2, 2016):  "[I]n a consumer case, the burden of comparing the [c]urrent [v]alue of the claimed exemption with the debt secured by that property would ordinarily not be substantial, since most consumers have only a handful of creditors holding secured claims."

27.    In this case, the debtors properly completed their Schedule C.  The trustee timely objected to the debtors' exemptions.  However, the trustee failed to establish that the value of claimed exemptions exceeded the statutory limits.

28.    The new Schedule C implements the requirements of the Bankruptcy Code and Rules.  It does not create new law or new presumptions.

For all these reasons,

**IT IS ORDERED** that the chapter 13 trustee's objection to the debtors' exemptions is **OVERRULED**.

Signed on 7/27/2017

*Brenda T. Rhoades*    SR
_____
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

7